UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRAVONTAE SMITH,

Plaintiff,

v. Case No. 8:25-cv -888-AEP

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.
______________________________________/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

**I.**

**A. Procedural Background**

Plaintiff filed an application for DIB and SSI (Tr. 389, 394). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 279, 293). Plaintiff then requested an administrative hearing

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Bisignano should be substituted as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

(Tr. 308). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 179). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 157–72). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1, 382). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B. Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1989, claimed disability beginning January 12, 2022 (Tr. 389, 396). Plaintiff obtained a high school education (Tr. 473). Plaintiff's past relevant work experience included work in environmental services cleaning at a hospital (Tr. 473–74). Plaintiff alleged disability due to a brain mass, onset seizure, headache, vasogenic edema (Tr. 472).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through September 30, 2026, and had not engaged in substantial gainful activity since January 12, 2022, the alleged onset date (Tr. 162). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: Status Post resection of meningioma of the left temporal lobe, Seizure Disorder, Obesity, Migraine Headaches, Lumbar Spondylosis, degenerative joint disease of the right hip, Anxiety and Depression (Tr. 162–63). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 163–64). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform

> light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is able to lift and or carry 20 pounds occasionally and lift and or carry 10 pounds frequently. The claimant can stand and or walk approximately 6 hours per 8-hour workday and sit for approximately 6 hours per 8-hour workday per normal breaks. She can never climb ladders, ropes, or scaffolds. She can occasionally perform postural activities such as climbing ramps and stairs, balancing, stooping, crouching, kneeling, and crawling. She must avoid even moderate exposure to hazards. She is limited to understanding, remembering, and carrying out and performing simple routine tasks and instructions with reasoning level 1 or 2.

(Tr. 164–65). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 165).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform her past relevant work (Tr. 17). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a marker, routing clerk, and housekeeping/cleaner (Tr. 171). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 172).

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

To regularize the adjudicative process, the SSA promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a), 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation

requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The ALJ, in part, decides Plaintiff's claim pursuant to regulations designed to incorporate vocational factors into the consideration of disability claims. *See* 20 C.F.R. §§ 404.1501, *et seq.* These regulations apply in cases where an individual's medical condition is severe enough to prevent him from returning to his former employment but may not be severe enough to prevent him from engaging in other substantial gainful activity. In such cases, the Regulations direct that an individual's residual functional capacity, age, education, and work experience be considered in determining whether the claimant is disabled. These factors are codified in tables of rules that are appended to the regulations and are commonly referred to as "the grids." 20 C.F.R. Part 404, Subpart P, App. 2. If an individual's situation coincides with the criteria listed in a rule, that rule directs a conclusion as to whether the individual is disabled. 20 C.F.R. §§ 404.1569, 416.969. If an individual's situation varies from the criteria listed in a rule, the rule is not conclusive as to an individual's disability but is advisory only. 20 C.F.R. §§ 404.1569a, 416.969a.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more

than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

**III.**

Plaintiff argues that the ALJ erred by (1) inadequately evaluating the medical opinion of Dr. Omar Wazzan; (2) failing to properly consider Plaintiff's subjective testimony; and (3) only considering Plaintiff's functioning periods despite the episodic nature of her impairments. For the following reasons, the ALJ failed to

apply the correct legal standards, and the ALJ's decision is not supported by substantial evidence. Because remand is appropriate on the issue of whether the ALJ inadequately evaluated Dr. Wazzan's medical opinion, this Court declines to address Plaintiff's other arguments. *See, e.g.*, *Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address the plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the further proceedings); *Francis v. Saul*, No. 8:18-CV-2492-T-SPF, 2020 WL 1227589, at *4 (M.D. Fla. Mar. 13, 2020) (holding that the plaintiff's remaining issues need not be addressed because the case is being remanded to the Commissioner).

When considering medical opinions, adjudicators do not defer to any medical opinion or prior administrative findings. 20 C.F.R. § 404.1520c(a). Rather, ALJs evaluate the persuasiveness of the medical opinion using five factors: supportability, consistency, relationship with the claimant, specialization, and other relevant factors. *Id.* § 404.1520c(c)(1)–(5). Supportability and consistency are the most important factors, so ALJs must explain how they considered these factors in the determination or decision. *Id.* § 404.1520c(b)(2). "Supportability" means that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative finding(s), the more persuasive the medical opinions or prior

administrative medical finding(s) will be." *Id.* § 404.1520c(c)(1). The ALJ will articulate how she considered the medical opinions by explaining that a medical evaluator's own findings do not support that medical examiner's opinion. *Ball v. Comm'r of Soc. Sec.*, No. 24-12496, 2025 WL 1010204, at *3 (11th Cir. Apr. 4, 2025). But there are no trigger words like "support" or "supportability" that the ALJ must use to state the weight given to medical opinions or the reasons for discounting them. *Id.*

In addressing the supportability and consistency factors, an ALJ need not employ any "magic words" or explicitly use the terms "supportability" and "consistency." *Davis v. Comm'r of Soc. Sec.*, 2025 WL 1123853, at *5 (11th Cir. 2025) (citing 20 C.F.R. §§ 404.1520c(c)(1), (2)); *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 n.14 (11th Cir. 2024)) (internal quotation marks omitted). An ALJ also need not set forth the basis for her supportability and consistency findings in the same part of her decision as the rest of her persuasiveness discussion. *See Vachon v. Comm'r of Soc. Sec.*, 2022 WL 458604, at *6 (M.D. Fla. Feb. 15, 2022) (deeming the ALJ's consistency analysis to be sufficient despite it "being separate from the rest of the [ALJ's] persuasiveness evaluations") (citation omitted); *Roussin v. Comm'r of Soc. Sec.*, 2021 WL 6205948, at *9 (M.D. Fla. Dec. 16, 2021) (finding "that the ALJ did not err in broadly referencing the general findings that he determined to be inconsistent with the opinion [at issue] because the ALJ had thoroughly discussed the findings of [the claimant's] treating providers earlier in the same decision"), report and recommendation adopted, 2022 WL 19698 (M.D. Fla. Jan. 3, 2022).

Instead, an ALJ need only "state[ in her decision] with at least some measure of clarity the grounds" why she assigned "weight to medical opinions or the reasons . . . [why she] discount[ed] them." *Raper*, 89 F.4th at 1276 n.14 (citation modified).

Here, the ALJ summarized Dr. Wazzan's medical opinion from January 2023 that Plaintiff had fair ability to deal with stress, even "low stress" jobs, with the ability to sit for more than 2 hours and stand for 15 minutes with sitting/walking less than 2 hours out of an 8-hour work period, with the ability to walk every 30 minutes for 10-15 minutes at a time (Tr. 168). The ALJ stated that Dr. Wazzan further opined Plaintiff would require additional unscheduled breaks every 2 hours with elevation of legs and can occasionally lift and carry less than 10 pounds, manipulative limitations, and avoidance of environmental exposures (Tr. 168). From that, the ALJ found Dr. Wazzan's opinion "to be wholly unpersuasive as it is not consistent with, nor supported by the medical evidence which details largely normal physical examination that was conducted by him at the end of January which demonstrated that the claimant's speech was intact" (Tr. 168).

The ALJ did not conduct a proper consistency analysis. In concluding that Dr. Wazzan's opinion is not consistent with other medical evidence, the ALJ does not describe or even cite to any evidence that demonstrates the inconsistency. Instead, the ALJ only references some of Dr. Wazzan's own findings from his physical examination, such as Plaintiff's muscular strength was 5/5 with deep tendon reflexes of 1+, intact light touch and position and gait was mechanical (Tr. 168). This bolsters the supportability aspect, not consistency. The Commissioner

blanket cites to the ALJ's entire RFC analysis as support for the consistency analysis. This is insufficient to provide this Court "with at least some measure of clarity the grounds" why the ALJ assigned "weight to medical opinion." *Raper*, 89 F.4th at 1276 n.14; *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-CV-01515-RBD-DCI, 2020 WL 1957597 at *4 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted*, No. 6:19-CV-1515-ORL-37DCI, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020) ("Even if the Court waded through the ALJ's entire discussion of the medical record in this case . . . the ALJ never discussed any such records in relation to [the] opinion."). Further, the Commissioner relies on Dr. Lamour's purportedly contrary opinion to show that Dr. Wazzan's opinion is inconsistent with other medical evidence. But in fact, the ALJ cites to Dr. Wazzan's opinion seemingly in support when concluding that Dr. Lamour's opinion was mostly persuasive (Tr. 169). Without more explanation, this Court cannot find that the ALJ built an "accurate and logical bridge" between the evidence and the ALJ's conclusion. *Id.*

At bottom, the ALJ does not sufficiently identify and discuss the findings in relation to the consistency of Dr. Wazzan's opinion. The ALJ's generalized statement leaves the court "to guess at which particular records the ALJ asserts support the ALJ's decision and, in doing so, impermissibly reweigh the evidence." *Id.*; *see Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1104–05 (11th Cir. 2021) ("It is the responsibility of the agency, not the reviewing court, to supply the justification for its decision and to sufficiently explain the weight [it] has given to obviously probative exhibits.") (internal quotation and citation omitted). And this

error is not harmless. The Eleventh Circuit has "stress[ed] . . . that the ALJ must consider all the claimed expert, medical opinions in the record and must specify the weight—including no weight, if applicable—given to each purported medical opinion and the reasons therefor." *Stephenson v. Comm'r of Soc. Sec.*, No. 6:21-CV-1536-DCI, 2023 WL 2305967, at *3 (M.D. Fla. Mar. 1, 2023) (citing *Bailey v. Comm'r of Soc. Sec.*, 802 F. App'x 462, 465 (11th Cir. 2020)). The ALJ's failure to properly conduct the consistency analysis warrants reversal.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is reversed and remanded.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

DONE AND ORDERED in Tampa, Florida, on this 9th day of September 2026.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record